**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---------------------------------------------

BARRY SUSSMAN,                        :
                                  :
         Plaintiff,          :       Civil No. 11-6111 (SRC)
                                  :
    v.                    :
                                  :       **O P I N I O N**
MOLLIE GIORDANO, et al.,               :
                                  :
                                  :
         Defendants.        :

---------------------------------------------

**APPEARANCES:**

Barry Sussman, Pro Se
35060-066
Otisville FPC
P.O. Box 1000
Otisville, NY 10963

**CHESLER, District Judge**

    Plaintiff, a federal prisoner confined at the Otisville Federal Prison Camp, Otisville, New York, brings this civil action alleging violations of his constitutional and statutory rights. He has applied to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

1

is immune from such relief.  For the following reasons, the complaint must be dismissed.

## BACKGROUND

Plaintiff seeks to sue Mollie Giordano and the Estate of Stanley Rizman, under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), and the Court Reporter Act ("CRA") 28 U.S.C. § 753, <u>et seq.</u> (Complt., ¶ 1).  He alleges that defendants were court reporters assigned to record his criminal case, <u>United States v. Sussman</u>, 08-891 (DRD), commencing May 11, 2009 and closing on May 19, 2009.  (Complt., ¶¶ 4-6, 8).

Plaintiff sought to appeal his conviction, and asked defendant Giordano for a transcript.  (Complt., ¶ 10).  Plaintiff states that: "Upon receipt in October, 2009 of the Plaintiff's payment for the entire record as requested by defendant Giordano, defendant Giordano failed and/or neglected to record, produce[,] transcribe and file that entire portion of the Ashe testimony on cross-examination needed by the Plaintiff to successfully exercise his constitutionally protected right to a direct appeal to the Third Circuit Court of Appeals."  (Complt., ¶ 19).  Plaintiff asserts that the Ashe cross-examination was "vital to the prima facie impeachment of witness Ashe's direct testimony, and specifically proved that his testimony lacked any admissible reference to the requisite element of mens rea the government was

required to show the reasonable triers of fact comprising the jury in the Sussman trial." (Complt., ¶ 14).

As to defendant Rizman, Plaintiff asserts that he, too, was grossly negligent for neglecting to preserve the Ashe testimony. (Complt., ¶¶ 22-25).

Plaintiff asks for monetary relief due to the "tortious conduct and gross negligence committed by defendants." (Complt., ¶ 30). This Court notes that Plaintiff's criminal case, <u>United States v. Sussman</u>, 08-cr-891 (DRD) is currently on appeal.

## DISCUSSION

### A.   Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This action is subject to <u>sua sponte</u> screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

3

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)
(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also
United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal
of a complaint that fails to state a claim in Ashcroft v. Iqbal,
556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the
Federal Rules of Civil Procedure which provides that a complaint
must contain "a short and plain statement of the claim showing
that the pleader is entitled to relief."  Fed. R. Civ. P.
8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007) for the proposition that "[a] pleading that
offers 'labels and conclusions' or 'a formulaic recitation of the
elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at
1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held
that, to prevent a summary dismissal, a civil complaint must now
allege "sufficient factual matter" to show that the claim is
facially plausible.  This then "allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210
(3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a
plaintiff must demonstrate that the allegations of his complaint

4

are plausible.  See Iqbal, 129 S. Ct. at 1949-50.  See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B.   **Plaintiff's Claims**

    1.   ***Bivens v. Six Unknown Agents***

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988).

In this case, liberally construing the complaint, Plaintiff asserts that his conviction should be invalidated on appeal were



he to have the missing transcript.  Such claims challenge the validity of Plaintiff's federal conviction and are barred by Heck v. Humphrey, 512 U.S. 477 (1994), which mandates dismissal where a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of his conviction, unless the plaintiff can show that the conviction has been invalidated.  See Heck, 512 U.S. at 487.  See also Lora-Pena v. F.B.I., 529 F.3d 503, 506 n.2 (3d Cir. 2008) (per curiam) (noting Heck has been applied to Bivens claims).  Here, Plaintiff does not contend his conviction has been invalidated.  His criminal appeal is still pending; thus, any claims for monetary damages are premature.

**2.   Court Reporter's Act**

The Court Reporter's Act, 28 U.S.C. § 753, does not create a private cause of action for monetary relief.  Horan v. Wilcox & Fetzer Ltd., 153 Fed. Appx. 100, 101-102 (3d Cir. 2005).  The Court of Appeals explained:

> Section 753 does not create or imply a right of action for individuals to support a federal question cause of action under Section 1331. There is no language in the statute indicating that Congress intended to create or alter any civil liabilities for a violation of Section 753. Further, Congress expressly provided judicial means for enforcing compliance with the Act. See 28 U.S.C. § 753(c) ("The reporters shall be subject to the supervision of the appointing court and the Judicial Conference in the performance of their duties, including dealings with parties requesting transcripts.")

Id. at 102.  As such, Plaintiff's request for monetary relief under the Court Reporter's Act must be dismissed.

Further, the Court of Appeals for the Third Circuit has addressed the Court Reporter's Act, stating:

> 28 U.S.C. § 753(b) provides, in relevant part, that "each session of the court ... shall be record [ed] verbatim...." However, we have held that "the failure to comply with the Court Reporter Act [section 753] does not warrant reversal without a specific showing of prejudice...." <u>United States v. Sierra</u>, 981 F.2d 123, 125 (3d Cir. 1992).

<u>United States v. Dicks</u>, 264 Fed. Appx. 252, 255 (3d Cir. 2008).

In this case, Plaintiff has not shown prejudice in his criminal appeal process.  In fact, Plaintiff's appeal is proceeding in the Court of Appeals, and a motion is pending concerning the missing transcript.  See <u>United States v. Sussman</u>, Appeal No. 09-4023 (3d Cir.).

## CONCLUSION

Based on the foregoing, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order accompanies this opinion.

STANLEY R. CHESLER
United States District Judge

Dated: 7|10|12

7